IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MANUEL SALAS,

                Plaintiff,           ORDER

   v.

                           09-cv-237-slc

GREGORY GRAMS, LORI ALSUM,
JAMES GREER, GLORIA MARQUARDT,
CYNTHIA THORPE, DALIA SULIENE,
R.N. KETARKUS, PAUL PERSSON,
and STEVE HELGERSON,

                Defendants.

---

In an order entered June 3, 2009, Judge Barbara Crabb granted plaintiff Manuel Salas leave to proceed *in forma pauperis* on his claims that defendants violated his Eighth and Fourteenth Amendment rights by discussing or approving the discussion of his private medical information in the presence of other inmates and staff, and violated his Eighth Amendment rights by failing to protect him from a substantial risk of serious self-harm. Now plaintiff has filed two motions, one to correct the June 3, 2009 screening order and another for the court to place his medical records under seal.

In plaintiff's motion to correct the screening order, he points to language in the order stating that health request forms "are returned in unsealed envelopes to inmates housed in disciplinary segregation." Dkt. #7 at 5. Plaintiff states that this is erroneous because in his complaint he does not say he put anything in envelopes. I note that plaintiff invited this confusion by stating in his complaint that his health request forms were returned "unsealed," which leads to an inference that they must have been in envelopes or other containers that were not sealed. In any case, the point is moot because Judge Crabb granted plaintiff leave to proceed on his claims. Once there are dispositive motions or a trial in this case, plaintiff

will have another opportunity to flesh out the facts pertaining to his claims, so he is in no way prejudiced by the court's reference to envelopes in the June 3, 2009 order.

As for plaintiff's motion to place his medical records under seal, that motion will be granted. However, it does not appear that there are any medical records currently in the record in this case. Any medical records that are introduced in the proceedings will be placed under seal. If plaintiff wishes any other documents in the record to be placed under seal, he should file another motion to the court explaining what documents he wants placed under seal and the reason why.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to correct the June 3, 2009 screening order is DENIED as moot.

2. Plaintiff's motion for the court to place his medical records under seal is GRANTED.

Entered this 30th day of June, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2