IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MANUEL SALAS,

                    Plaintiff,                                    ORDER

          v.
                                                            09-cv-237-slc

GREGORY GRAMS, LORI ALSUM,
JAMES GREER, GLORIA MARQUARDT,
CYNTHIA THORPE, DALIA SULIENE,
R.N. KETARKUS, PAUL PERSSON,
and STEVE HELGERSON,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered June 3, 2009, I granted plaintiff Manuel Salas leave to proceed in

forma pauperis on his claims that defendants violated his Eighth and Fourteenth Amendment

rights by discussing or approving the discussion of his private medical information in the

presence of other inmates and staff, and violated his Eighth Amendment rights by failing to

protect him from a substantial risk of serious self-harm.  On July 30, 2009, Magistrate Judge

Stephen Crocker granted plaintiff's motion for release of legal materials.  On August 7, 2009,

plaintiff renewed his motion for 100 pages of documents, including affidavits and health care

1

records.  I asked defendants' counsel to look into this matter and advise the court by August 21, 2009 why these materials have not been released to plaintiff.

On August 17, 2009, defendants filed a response to my order, stating that the 100 pages of documents are missing and efforts to locate them have been unsuccessful.  Defendants' counsel submitted affidavits of Mardell Petras and Brenda LaBelle outlining the efforts that have been made to locate the documents.  Petra investigated to see whether the documents were at the Colombia Correctional Institution.  She discovered that the law library clerks had a receipt form for a manila envelope that had contained the 100 pages of documents.  The receipt indicted that the documents had been sent to plaintiff's unit on July 21, 2009.  However, by then, plaintiff had been transferred to the Racine Correctional Institution.  The manila envelope containing the 100 pages of documents was not returned to the library.  Officers searched the library but did not find the documents.  The property rooms were searched also, but the envelope containing the documents was not located.  Petras cannot think of any other place where the documents could be located.

LaBelle checked whether the documents had arrived at the Racine Correctional Institution.  Although she found plaintiff's first copy request for eleven pages and provided him the copies of these documents, she was unable to locate the missing 100 pages of documents of which he had requested copies.  She looked again for the 100 pages but did not find them.

Defendants' counsel apologized to plaintiff and this court for being unable to locate the documents and will work with plaintiff to re-create the documents.  She will provide copies of

2

documents that are in Department of Corrections files and provide paper and other supplies for plaintiff to re-create the other documents.

Although it is unfortunate that plaintiff's documents have been lost, defendants have looked diligently for them.  Therefore, I find that defendants have complied with the magistrate judge's July 30, 2009 order.  Plaintiff's renewed motion for release of legal material will have to be denied because the materials cannot be located.

ORDER

IT IS ORDERED that plaintiff's renewed motion for release of legal materials, dkt. #25, is DENIED because the materials cannot be located.  Defendants are directed to assist plaintiff in re-creating the 100 pages of documents.

Entered this 18th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3