IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MANUEL SALAS,

       Plaintiff,         ORDER

 v.

                     09-cv-237-slc

GREGORY GRAMS, LORI ALSUM,
JAMES GREER, GLORIA MARQUARDT,
CYNTHIA THORPE, DALIA SULIENE,
R.N. KETARKUS, PAUL PERSSON,
and STEVE HELGERSON,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In an order entered June 3, 2009, I granted plaintiff Manuel Salas leave to proceed <u>in forma pauperis</u> on his claims that defendants violated his Eighth and Fourteenth Amendment rights by discussing or approving the discussion of his private medical information in the presence of other inmates and staff, and violated his Eighth Amendment rights by failing to protect him from a substantial risk of serious self-harm. Now before the court is plaintiff's "motion to have things put on record," dkt. #41, which I have construed as a motion for reconsideration of the screening order.

   Plaintiff states that although he has been allowed to proceed on his claims that defendants violated his right to privacy in his medical information and failed to protect him from self-harm, he believes that his "adequate facilities" claim is being overlooked. In the

1

complaint, plaintiff alleged that inmates are forced to be examined in the dayroom and kitchen area in front of other inmates and staff. According to the complaint, inmates who are housed in the wings adjacent to the dayroom and kitchen can hear and see medical examinations being conducted by health service unit personnel. Plaintiff asks that this issue be part of the record and a basis for his claim.

As I explained in the screening order, because plaintiff never underwent a significant physical examination in the dayroom or kitchen (a nurse once examined a cut on his arm), he has no grounds to bring a constitutional claim for invasion of bodily privacy. However, defendants' alleged practice of examining inmates in public areas of the prison is part of the record and will be relevant to his medical information privacy and failure to protect claims. Because nothing in plaintiff's motion convinces me that I erred in screening the complaint, I will deny plaintiff's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Manuel Salas's motion for reconsideration of the screening order, dkt. #41, is DENIED.

Entered this 1st day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge