IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MANUEL SALAS,

                      Plaintiff,                       ORDER

v.

GREGORY GRAMS, LORI ALSUM, JAMES GREER,        09-cv-237-slc
GLORIA MARQUARDT, CYNTHIA THORPE, DALIA
SULIENE, R.N. KETARKUS, PAUL PERSSON and
STEVE HELGERSON,

                    Defendants.

---

      Plaintiff Manuel Salas was granted leave to proceed *in forma pauperis* on his claims that defendants violated his Eighth and Fourteenth Amendment rights by discussing or approving the discussion of his private medical information in the presence of other inmates and staff, and violated his Eighth Amendment rights by failing to protect him from a substantial risk of serious self-harm. Now before the court are plaintiff's motions to seal his social service and clinical files, dkt. 60, and to compel defendants to fully answer interrogatories, dkt. 64. I am granting a very small subpart of plaintiff's requests for discovery and denying the rest.

      First, plaintiff's motion to seal will be denied as unnecessary at this time. As defendants point out, none of the documents plaintiff wishes to seal have been filed with the court. In addition, the court already has granted plaintiff's motion to seal any medical records that are filed in the future. (Dkt. 15).

      Second, plaintiff moves to compel defendants to fully answer interrogatories 1, 2, 3 and 5. Interrogatory 1 requests that defendants give their birth dates and addresses. Defendants object, stating that their birth dates and residential addresses are confidential. This is a valid

objection because of the release of this information is not available to the public and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

Interrogatory 2 asks the defendants to identify their complete educational background including training courses. Defendant's objected to this interrogatory on the grounds that it is unduly burdensome and over broad. I agree that this request is overly broad. Defendants have produced materials from Health Service training programs relating to mental illness and privacy issues. At this point, that is sufficient. If plaintiff has a good reason for needing more information, he should provide sufficient detail to persuade the court that more discovery is appropriate.

Interrogatory 3 requests the defendants' complete work history for the last 45 years. This is much too long a time period to be useful or relevant. Instead, defendants must provide their employment history with the Department of Corrections.

Interrogatory 4 requests all lawsuits in which each defendant has been *named* as a defendant. Defendants objected to this request as overly broad. In his motion to compel, plaintiff states that he wants to know whether any defendant has been found *liable* for violating patient privacy rights in the past. Plaintiff is entitled to any findings of liability on any such claim and the defendants must disclose them.

ORDER

IT IS ORDERED that:

1). Plaintiff's motion to seal social service file and clinical security file, dkt. 60, is DENIED as unnecessary.

2. Plaintiff's motion to compel defendants to more fully answer interrogatories, dkt. 64, is GRANTED IN PART AND DENIED IN PART as stated above.

Entered this 30th day of October, 2009.

         BY THE COURT:

         /s/

         STEPHEN L. CROCKER
         Magistrate Judge