IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

MANUEL SALAS,

                Plaintiff,

v.                                                     ORDER

                                                     09-cv-237-wmc

GREGORY GRAMS, LORI ALSUM,
JAMES GREER, GLORIA MARQUARDT,
CYNTHIA THORPE, DALIA SULIENE,
R.N. KETARKUS, PAUL PERSSON
and STEVE HELGERSON,

                Defendants.
_____

      Plaintiff Manuel Salas is proceeding on his claims that defendants violated his Eighth and Fourteenth Amendment rights by discussing or approving the discussion of his private medical information in the presence of other inmates and staff, and violated his Eighth Amendment rights by failing to protect him from a substantial risk of serious self-harm. On April 15, 2010, defendants filed a motion for summary judgment. The summary judgment briefing schedule has been set and plaintiff has been given until May 17, 2010, to file his opposition materials. Now before the court are plaintiff's motions for an extension of time to respond to defendants' motion for summary judgment, for access to the law library and for a status conference with the court to discuss these issues.

      As his reasons for making these requests, plaintiff says that he was moved between institutions and that the assistant attorney general has not responded to his discovery requests and is purposely withholding the necessary legal materials plaintiff needs to file his response by the May 17 deadline. Defendants have filed an opposition brief to plaintiff's motions.

Defendants assert that they have provided plaintiff with all relevant documents responsive to plaintiff's numerous discovery requests and that they have re-sent plaintiff additional copies of documents plaintiff claimed were missing from his possession. Defendants further contend that plaintiff's transfer to the Wisconsin Resource Center did not interfere with plaintiff's access to his legal property and that plaintiff received his legal materials within one business day after his transfer. In addition, plaintiff is allowed to have all of his legal materials in his cell and that out of a possible twenty opportunities plaintiff has had to visit the law library at WRC since his transfer, he has not once elected to use the law library.

Plaintiff should be aware that this court sets a high threshold for requests for extensions of summary judgment deadlines. As plaintiff was told in the pretrial conference order, extensions of the deadline for filing a brief in opposition to a motion for summary judgment are not given unless a party can convince the court that something totally unfair happened that was completely somebody else's fault that actually prevented him from meeting the deadline. The deadline for filing summary judgment motions was already extended an additional thirty days and plaintiff has had more than eight months since the August 19, 2009 preliminary pretrial conference to conduct discovery. If plaintiff is trying to delay responding to summary judgment to conduct further discovery that is not a good reason to extend the summary judgment deadlines in this case.

Turning to plaintiff's motion for access to the law library and for federal case law, this motion will be denied. Plaintiff should be focusing on the facts of his case and not on legal argument. The applicable statutes and case law that govern the plaintiff's claim were explained in Judge Crabb's June 4, 2009 order granting plaintiff leave to proceed in this case. It is not necessary for plaintiff to devote his efforts to researching case law. Instead, I encourage plaintiff

to consult the summary judgment procedures provided to him with the pretrial conference order and focus on preparing his summary judgment response.

Although plaintiff has done little to persuade the court that he should get any extension of his summary judgment response deadline, because the parties and the court will not be substantially burdened by an extension of the response deadline, I will give plaintiff two extra weeks, to June 1, 2010, to file a response to defendants' motion for summary judgment. Defendants will have until June 11, 2010, to reply. Plaintiff shall receive no further extensions of this deadline. Plaintiff's request for a telephone status conference is denied as unnecessary.

## ORDER

IT IS ORDERED that

1. Plaintiff Manuel Salas's motion for an extension of time, dkt. #139, is GRANTED. Plaintiff has until June 1, 2010, to file a response to defendants' motion for summary judgment. Defendants will have until June 11, 2010, to serve and file a reply.

2. Plaintiff's motion for a status conference, dkt. #140, is DENIED.

3. Plaintiff's motion for access to the law library, dkt. #144, is DENIED.

Entered this 14th day of May, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge